FILED

2020 MAR -6  AM 9: 24

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. WANDA ESPINOZA-CRUZ,<br>D.O.; STATE OF FLORIDA ex rel.<br>WANDA ESPINOZA-CRUZ, D.O,<br><br>Plaintiffs,<br><br>v.<br><br>ENVISION PHYSICIAN SERVICES,<br>LLC; EMCARE, INC.; and FLORIDA<br>EM-I MEDICAL SERVICES, P.A.<br><br>Defendants.<br>_____/ | RELATOR'S FEDERAL AND FLORIDA<br>QUI TAM FALSE CLAIMS ACT CASE<br><br><br>Case No. 8:20 20 cv 527 T 36 SPF<br><br><br>FILED IN CAMERA AND UNDER SEAL<br>IN ACCORDANCE WITH 31 U.S.C. §<br>3730(B) – SEALED DOCUMENT |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Relator Wanda Espinoza-Cruz, D.O., on behalf of the United States of America and the State of Florida, brings this action against defendants Envision Physician Services, LLC, Emcare, Inc., and Florida EM-I Medical Services, P.A. for all damages, penalties, and other remedies arising out of the Defendants' violations of the federal False Claims Act, 31 U.S.C. § 3729 *et seq.* the Florida False Claims Act, Fla. Stat. § 68.082 *et seq.*

1. This is an action on behalf of the United States of America and the State of Florida under the Federal False Claims Act, 31 U.S.C. § 3730 and the Florida False Claims Act, Fla. Stat. § 68.082, for damages and civil penalties.

2. Relator Wanda Espinoza-Cruz, D.O. ("Relator Cruz") worked for Defendants as an emergency room physician from August 1, 2011 until January 13, 2014.

3. Following her employment, Relator Cruz learned that Defendants had submitted false claims to the Medicare and Medicaid. Specifically, Defendants submitted bills for

1



procedures that Relator Cruz purportedly preformed on behalf of Defendants on dates following her departure from the company and from a location where she never worked.

## *Jurisdiction and Venue*

4. This Court has jurisdiction over the subject matter of this action in accordance with 28 U.S.C. § 1345 and 31 U.S.C. § 1330(b)(2).

5. Venue is proper in the United States District Court for the Middle District of Florida in accordance with 31 U.S.C. §3732(a). The Defendants transact business within this district and the acts proscribed by the False Claims Act occurred within this District.

## *Parties*

6. Relator Cruz is a citizen of the United States and resides in Hillsborough County, Florida.

7. Defendants Envision Physician Services, LLC, and Emcare, Inc. are foreign for-profit corporations operating in this judicial district. Defendant Florida EM-I Medical Services, P.A. is a domestic for-profit corporation operating in this judicial district. The Defendants are affiliated entities that together provide physician practice management services at more 700 hospitals across the United States.

8. Relator Cruz has satisfied all conditions precedent to bringing this action.

## *The False Claims Act and the Florida False Claims Act*

9. A cause of action arises under the federal False Claims Act ("FCA") when a person 1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; or 2) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim. 31 U.S.C. § 3729(a)(1)(A); (a)(1)(B).

10. The FCA includes a *qui tam* provision that allows private individuals, known as

relators, to bring FCA lawsuits on behalf of the United States when they learn of fraud against the government. 31 U.S.C. § 3730(b). The relator must file the complaint under seal after disclosing all material evidence and information, allowing the government to determine whether to intervene and take over the action. *Id.*

11. Whether the government intervenes in an FCA lawsuit or not, the relator shares in any proceeds of the action or settlement of the claim. 31 U.S.C. § 3730(d).

12. The defendants in an FCA lawsuit are liable for three times the amount of damages suffered by the government and civil penalties of between $5,500 and $11,000 per false claim (as adjusted by the Federal Civil Penalties Inflation Adjustment Act). 31 U.S.C. § 3729(a)(1)(G).

13. Similar to the FCA, the Florida False Claims Act ("FFCA"), subjects a person to liability for 1) knowingly presenting or causing to be presented a false or fraudulent claim for payment to the State, or 2) knowingly making, using, or causing to be made or used, a false record or statement material to a false claim. Fla. Stat. § 68.082(2). Like the FCA, the FFCA subjects a defendant to treble damages and a civil penalty of between $5,500 and $11,000 per false claim.

## *The Medicare Program*

14. Title XVIII of the Social Security Act, 42 U.S.C. § 1395-1395ccc ("Medicare") guarantees access to health insurance to all Americans aged 65 and older, younger people with certain disabilities, and individuals with end-stage renal failure.

15. Medicare includes to parts: Part A and Part B. Part A provides insurance coverage for inpatient hospital care, home healthcare, and hospice for terminally ill patients. Part B provides insurance coverage for, among other things, outpatient hospital care, physician services, supplies, outpatient therapy, diagnostic services, and radiology services.

16. Medicare reimburses physicians for their professional services under Part B of the program, pursuant to the Physician Fee Schedule ("PFS"). Physician fees under the PFS are determined according to a standardized coding system assigned to procedures set forth in the healthcare financing administrations' common procedure coding system ("HCPCS").

17. Under the HCPCS, standardized codes called Current Procedural Terminology ("CPT") codes are assigned to various procedures or services. The CPT code set accurately describes medical, surgical, and diagnostic services and is designed to communicate uniform information about medical services and procedures among physicians, coders, patients, and payors.

18. The CPT code assigned to a medical procedure or service determines the payment amount to physicians under Part B. The standardized payment amount comes from an evaluation of the actual average cost of providing that service, by region and type of provider.

### *The Medicare Advantage Program*

19. As an alternative to original Medicare, private entities, known as Medicare Advantage Organizations (MAOs), can offer Medicare-eligible individuals health insurance coverage through Medicare Advantage Plans.

20. Individuals that enroll in Medicare Advantage Plans are still in the Medicare program, and receive Part A and Part B coverage through the MAO.

21. In original Medicare, Medicare pays providers directly on a fee-for-service basis. In the Medicare Advantage program, Medicare pays the MAO a monthly capitated amount per patient. The MAO in turns pays the providers directly on a fee-for-service basis.

22. Although the MAOs directly pay the medical providers under the Medicare Advantage program, they do so using Medicare dollars. Accordingly, false claims made to the

MAOs are actionable under the False Claims Act.[1]

### *The Medicaid Program*

23. Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396v ("Medicaid"), is a health insurance program administered by the Government of the United States and the various individual states. The objective is to help states provide medical assistance to residents whose incomes and resources are insufficient to meet the costs of necessary medical services. Medicaid serves as the nation's primary source of health insurance coverage for low-income populations.

24. The federal government and the individual states jointly fund Medicaid. In practice, the states directly pay the health care providers for Medicaid covered services, with the states obtaining the federal share of the payment from accounts that draw on the United States Treasury.[2]

25. Because Medicaid is jointly funded by the federal government and the State of Florida, with the federal government paying approximately 60% for all Medicaid services, all false claims for Medicaid payments are subject to liability under both the FCA and the FFCA.

### *Defendants submit false claims for services that Dr. Cruz did not provide*

26. On August 1, 2011, Defendants hired Dr. Cruz to serve as an emergency room physician at two locations, Brandon Regional Hospital, Brandon Florida and Regional Medical Center Bayonet Point, Hudson, Florida.

27. As part of her employment, Defendants required Relator Cruz to assign to the Defendants her interest in payments for the medical services she provided during her

---

[1] 31 U.S.C. § 3279(b)(2); *Universal Health Svcs., Inc. v. U.S.*, 136 S. Ct. 1989, 1996 (2016) (noting that under the FCA, a claim includes direct requests to the government for money as well as requests made to the recipients of federal funds under federal benefits programs.).
[2] 42 C.F.R. §§ 430.0-430.30

5

employment.

28. Specifically, the agreement provided that Relator Cruz would unconditionally assign to the Defendants "all amounts owed or collected for medical services performed by the Employee during the term of this Agreement." Relator Cruz further agreed to execute all documents necessary to assign her fees for medical services performed by Medicare and Medicaid.

29. During the time Relator Cruz worked for Defendants, Defendants performed all of the billing on Relator Cruz's behalf and kept all fees associated with the medical services that she provided.

30. On January 13, 2014, Defendants terminated Relator's Cruz's employment. After that day, Relator Cruz did not perform any medical services on behalf of Defendants.

31. In 2019, Dr. Cruz obtained from the Defendants a spreadsheet detailing her monthly billings broken down by CPT code ("CPT Chart"). The CPT Chart provided the month of service, the facility where the services were provided, and the CPT code for the various procedures that Relator Cruz purportedly provided.

32. Despite the fact that Relator Cruz no longer worked for Defendants and provided no services for Defendants after January 13, 2014, the CPT Chart records a series of procedures allegedly performed after her departure.

33. For example, according the CPT Chart, Relator Cruz treated patients for the Defendants in February and March of 2014:

| Date | Provider | Facility | Code | Description | Qty |
|---|---|---|---|---|---|
| 2/1/2014 | Espinoza-Cruz, Wanda, DO | South Bay Hospital - ED (1986) | 99283 | EVAL & MGMT (LVL 3)-ILL | 1 |
| 3/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | 93010 | EMERGENCY INTERP 12 LEAD EKG | 2 |
| 3/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | 94760 | NON-INVASIVE PULSE OXIMETRY | 2 |
| 3/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | 99053 | SRVCS REQSTD 10PM - 8AM IN | 1 |
| 3/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | 99283 | EVAL & MGMT (LVL 3)-ILL | 1 |
| 3/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | 99285 | EVAL & MGMT (LVL 5)-ILL | 2 |
| 3/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | G8784 | prev care+screening: high blood pressure | 1 |
| 3/1/2015 | Espinoza-Cruz, Wanda, DO | The Villages Regional Hospital - EM (2115) | G8951 | HYPERTENSIVE PT ADMITTED | 1 |
| 2/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | 94760 | NON-INVASIVE PULSE OXIMETRY | 1 |
| 2/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | 99284 | EVAL & MGMT (LVL 4)-ILL | 1 |
| 2/1/2014 | Espinoza-Cruz, Wanda, DO | South Bay Hospital - ED (1986) | 99284 | EVAL & MGMT (LVL 4)-ILL | 1 |
| 2/1/2014 | Espinoza-Cruz, Wanda, DO | South Bay Hospital - ED (1986) | 99285 | EVAL & MGMT (LVL 5)-ILL | 1 |
| 2/1/2014 | Espinoza-Cruz, Wanda, DO | South Bay Hospital - ED (1986) | 99285 | EVAL & MGMT (LVL 5)-INJ | 1 |
| 3/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | 93042 | RHYTHM STRIP INTERP | 2 |
| 3/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital - ED (1987) | 99285 | EVAL & MGMT (LVL 5)-ILL | 1 |
| 3/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital Emergency Center - ED (2772) | 99291 | CRITICAL CARE-ILL | 1 |
| 4/1/2014 | Espinoza-Cruz, Wanda, DO | Brandon Regional Hospital - ED (1987) | 99291 | CRITICAL CARE-ILL | 1 |
| 3/1/2015 | Espinoza-Cruz, Wanda, DO | The Villages Regional Hospital - EM (2115) | 99285 | EVAL & MGMT (LVL 5)-ILL | 1 |

34. The CPT Chart also includes charges from the The Villages Regional Hospital. But Relator Cruz never performed any medical services at that hospital (for the Defendants or anyone else).

35. All claims that the Defendants submitted to the United States for services purportedly provided by Dr. Cruz after January 13, 2014 are false claims.

## COUNT I
## VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(A)

36. Relator Cruz realleges and readopts the allegations of paragraphs 1 through 41 of this Complaint, as though fully set forth herein.

37. The Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the United States.

38. Specifically, Defendants submitted or caused to be submitted false claims for observation services allegedly performed on days when the Defendants did not provide any observation services.

39. By virtue of the false or fraudulent claims presented by Defendants through the Medicare and Medicaid programs, the United States suffered damages.

**WHEREFORE**, Relator Cruz, on behalf of the United States, requests that this Court grant the following relief:

(a) Judgment against Defendants in an amount equal to three times the amount of damages that the United States government has sustained because of Defendants' actions, in addition to a civil penalty of between $5,500 and $11,000 (or the applicable amount as adjusted in accordance with the law) for each claim submitted in violation of 31 U.S.C. § 3729;

(b) All of the costs that Relator Cruz incurred in bringing this action, including reasonable attorneys' fees;

(c) An award to Relator Cruz, in the form of a percentage of damages, pursuant to 31 U.S.C. § 3730(d);

(d) Prejudgment interest; and

(e) Any and all other relief, at law and at equity, to which Relator Cruz and the United States are reasonably entitled in this action.

## COUNT II
### VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(B)

40. Relator Cruz realleges and readopts the allegations of paragraphs 1 through 50 of this Complaint, as though fully set forth herein.

41. The Defendants knowingly made, used, or caused to be made or use, false records or statements to get false or fraudulent claims paid or approved by the United States.

42. Specifically, Defendants prepared false records for observation services allegedly performed on days when the Defendants did not provide any observation services to get false claims approved by the United States.

43. By virtue of the false or fraudulent claims made by Defendants through the Medicare and Medicaid programs, the United States suffered damages.

**WHEREFORE**, Relator Cruz, on behalf of the United States, requests that this Court grant the following relief:

(f) Judgment against Defendants in an amount equal to three times the amount of damages that the United States government has sustained because of Defendants' actions, in addition to a civil penalty of between $5,500 and $11,000 (or the applicable amount as adjusted in accordance with the law) for each claim submitted in violation of 31 U.S.C. § 3729;

(g) All of the costs that Relator Cruz incurred in bringing this action, including reasonable attorneys' fees;

(h) An award to Relator Cruz, in the form of a percentage of damages, pursuant to 31 U.S.C. § 3730(d);

(i) Prejudgment interest; and

(j) Any and all other relief, at law and at equity, to which the Relator Cruz and the United States are reasonably entitled in this action.

## COUNT III
## VIOLATION OF THE FLORIDA FALSE CLAIMS ACT, FLA. STAT. § 62.082(a)

44. Relator Cruz realleges and readopts the allegations of paragraphs 1 through 50 of this Complaint, as though fully set forth herein.

45. The Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the State of Florida.

46. Specifically, Defendants submitted or caused to be submitted false claims for observation services allegedly performed on days when the Defendants did not provide any

observation services.

47. By virtue of the false or fraudulent claims presented by Defendants through the Medicaid program, the State of Florida suffered damages.

**WHEREFORE**, Relator Cruz, on behalf of the State of Florida, requests that this Court grant the following relief:

(a) Judgment against Defendants in an amount equal to three times the amount of damages that the State of Florida has sustained because of Defendants' actions, in addition to a civil penalty of between $5,500 and $11,000 (or the applicable amount as adjusted in accordance with the law) for each claim submitted in violation of Fla. Stat. § 62.082(a);

(b) All of the costs that Relator Cruz incurred in bringing this action, including reasonable attorneys' fees;

(c) An award to Relator Cruz, in the form of a percentage of damages, pursuant to Fla. Stat. § 62.085;

(d) Prejudgment interest; and

(e) Any and all other relief, at law and at equity, to which Relator Cruz and the State of Florida are reasonably entitled in this action.

## COUNT IV
## VIOLATION OF THE FLORIDA FALSE CLAIMS ACT, FLA. STAT. § 68.082(b)

48. Relator Cruz realleges and readopts the allegations of paragraphs 1 through 50 of this Complaint, as though fully set forth herein.

49. The Defendants knowingly made, used, or caused to be made or use, false records or statements to get false or fraudulent claims paid or approved by the United States.

50. Specifically, Defendants submitted or caused to be submitted false claims: 1) for shared E/M services that Defendants improperly billed under a physician that did not provide E/M services, and 2) for vein care treatment billed under a physician when the services were not

incident to that physician's services.

51. By virtue of the false or fraudulent claims made by Defendants through the Medicaid program, the State of Florida suffered damages.

**WHEREFORE**, Relator Cruz, on behalf of the State of Florida, requests that this Court grant the following relief:

(a) Judgment against Defendants in an amount equal to three times the amount of damages that the State of Florida has sustained because of Defendants' actions, in addition to a civil penalty of between $5,500 and $11,000 (or the applicable amount as adjusted in accordance with the law) for each claim submitted in violation of Fla. Stat. § 68.082(b);

(b) All of the costs that Relator Cruz incurred in bringing this action, including reasonable attorneys' fees;

(c) An award to Relator Cruz, in the form of a percentage of damages, pursuant to Fla. Stat. § 68.085;

(d) Prejudgment interest; and

(e) Any and all other relief, at law and at equity, to which the Relator and the State of Florida are reasonably entitled in this action.

## DEMAND FOR JURY TRIAL

Relator Cruz demands a jury trial on all issues so triable

FLORIN, GRAY, BOUZAS, OWENS, LLC

*/s/ Christopher D. Gray*

_____
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary: chris@fgbolaw.com
Secondary: debbie@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary: wolfgang@fgbolaw.com
Secondary: tina@fgbolaw.com

11

16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
*Trial Attorneys for Plaintiff*